UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


DEVIN RICHARDSON,                      :
                                       :
          Petitioner,              :
                                       :
  v.                                   :       CIVIL NO. 3:16-CV-1562
                                       :
WARDEN R.A. PERDUE,                    :       (Judge Kosik)
                                       :
          Respondent.              :


**<u>MEMORANDUM</u>**

Before the court for consideration is the habeas corpus petition filed pursuant to 28 U.S.C. § 2241 by Devin Richardson ("Petitioner"). Petitioner challenges his sentence computation imposed by the Bureau of Prisons ("BOP"). He is currently confined at the Federal Correctional Institution ("FCI") at Schuylkill, Pennsylvania. According to Petitioner, he is entitled to five (5) months and six (6) days of custody credit against his sentence.[1] He basically raises two arguments in support of his claim. He first argues that the time he spent in pre-trial detention was not credited to any sentence. He additionally argues that he was designated to the New York

---

[1] In reviewing the petition, the court is not sure how Petitioner arrives at 5 months and 6 days. At one point in the petition, he seeks credit for the time period of 4/12/13 through 4/29/13. At another point, he seeks credits for the period of time from 4/7/15 through 6/10/15. At a later point he appears to seek credit toward his federal sentence of the time period from 3/27/14 through 8/25/15. In any event, after reviewing the record, including the supporting exhibits, the court finds that Petitioner's sentence is properly calculated and he is entitled to no additional credit.

Department of Corrections ("DOC"), via a nunc pro tunc designation, for service of his federal sentence. For the reasons that follow, the petition will be denied.[2]

I.   **Background**

Petitioner has a history of criminal behavior which involves custody, parole, parole revocation and re-parole. The court will attempt to set forth the relevant facts necessary to the instant petition and Petitioner's claim that he is being denied credit against the federal sentence he is currently serving.

According to Petitioner, he was first arrested by New York State authorities in November of 2001 on charges of possession of a controlled substance. At some point, he was paroled, and the parole was later revoked for violating conditions. An absconder warrant was issued by New York due to Petitioner's failure to report. He was arrested and held in custody by non-federal authorities in Vermont on April 11, 2013, pursuant to a Fugitive From Justice warrant issued by New York for the parole violation. (Doc. 10, Ex. 1, ¶ 5, Attachs. 1-3.[3])

---

[2] Petitioner has also recently filed a request for oral argument in this matter claiming that he can better state his case verbally as opposed to in writing. (Doc. 12.) It appears that this request was inadvertently docketed twice by the Clerk's Office. (Doc. 13.) Petitioner's request will be denied as moot in light of the court's ruling and the exhibits submitted, which speak for themselves.

[3] Exhibit 1 to the response is the Declaration of Marcus Boudreaux, a Correctional Programs Specialist at the BOP Designation and Sentence Computation Center, who is familiar with Petitioner's petition and the sentence he is serving. Boudreaux has access to Petitioner's records and attaches many of them to his declaration. Respondent states that while Boudreaux refers to Petitioner's pre-sentence report, it is omitted as an attachment. While Respondent did receive a copy, the sentencing court's permission was not obtained to release this document due to time constraints. All other exhibits have been submitted as referenced by Boudreaux.

At the time Petitioner was arrested, he was on parole from both the 4-year to life term of imprisonment imposed on October 31, 2002, in Bronx County, New York and also the 4-year term of imprisonment imposed on June 19, 2008, also in Bronx County, New York.  He was transferred to the custody of New York state authorities on April 18, 2013.  (Ex. 1 ¶ 5, Attach. 1 (omitted), Attach. 2 at 2.)  On May 14, 2013, Petitioner's parole was revoked in Bronx County, New York Supreme Court.  He was later re-paroled on July 30, 2013.  (Ex. 1 ¶ 6, Attach. 1 (omitted), Attach. 4 at 2.)

On February 2, 2014, Petitioner was arrested by non-federal authorities in New York on assault and obstruction of government administration charges, but released on the same day.  These charges were later filed under the Bronx County, New York criminal court case No. 2014 BX 005908, and were later dismissed on October 3, 2014.  (Ex. 1 ¶ 7, Attach. 1 (omitted), Attach. 5 at 2.).

On March 27, 2014, Petitioner was again arrested by non-federal authorities in New York with respect to a case that is currently sealed.  (Id. at ¶ 8, Attach. 5 at 2, Attach. 6 at 2.)  A parole violator warrant was issued on March 29, 2014. (Ex. 1 ¶ 9, Attach. 6 at 2, Attach. 7 .)  On April 3, 2014, a Grand Jury for the United States District Court for the District of Vermont returned a one-count indictment which charged Petitioner with possession with the intent to distribute oxycodone on or around April 11-12, 2013.  (Id. ¶ 10, Attach 1 (omitted).)  Petitioner was transferred

3

to federal custody pursuant to a federal writ on June 3, 2014, but remained in the primary custody of the New York state authorities. (Id., Ex. 1 ¶ 11, Attach. 8 at 2, Application for Writ of Habeas Corpus, Attach. 9 at 2-3, U.S. Marshals Service Prisoner Tracking System.)

On July 15, 2014, a two-count Superseding Indictment was returned by the Grand Jury for the District Court of Vermont charging Petitioner with conspiracy to distribute oxycodone and heroin in count one, and with possession with the intent to distribute oxycodone in count two. (Id., Ex. 1 ¶ 13.) On June 11, 2015, while in federal custody pursuant to the writ, the State of New York revoked Petitioner's parole, and assigned an expiration date of September 11, 2015. The Parole Revocation Certificate of Disposition reveals that Petitioner's parole was revoked and that he was returned to the New York Department of Corrections. (Id. at ¶ 12, Attach. 6 at 2, Attach. 10 at 2.)

On August 25, 2015, Petitioner received a federal sentence of 48 months imprisonment on count one of the superseding indictment for conspiracy to distribute oxycodone and heroin. (Id. at ¶ 14, Attach. 11 at 2-3, Judgment.) The other counts (Count 1 of the indictment and Count 2 of the superseding indictment) were dismissed. The federal sentence was ordered to be served concurrent to any undischarged term of imprisonment. (Id.)

Petitioner's New York state parole revocation time expired on September 11, 2015, and he was released to supervision by the State of New York.  (Id. at ¶ 15, Attach. 6 at 2, Attach. 10 at 2, Attach. 12.)  It was at this time that he was in exclusive federal custody.

Petitioner's federal sentence was computed as follows by the BOP, according to 18 U.S.C. § 3585(a) and BOP Program Statement 5880.28, Sentence Computation Manual.  Petitioner's federal sentence was found to commence on August 25, 2015, the day in which he came into exclusive federal custody.  Title 18 U.S.C. § 3585(a) provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served."  Additionally, Program Statement 5880.28 states, "[a] prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 U.S.C. § 3621 (Imprisonment of a convicted person)."  (Id. at ¶ 16, Attach. 13 at 3.)

Title 18 U.S.C. § 3621(b), as referenced in Program Statement 5160.05, establishes the BOP's authority to designate a state institution for the service of a

5

federal term of imprisonment. (Id. at ¶ 17, Attach. 14 at 3.) In the instant case, Petitioner's federal judgment in his criminal case did order that his federal sentence run concurrent to any undischarged term of imprisonment. (Ex. 1 ¶ 14, Attach. 11 at 2-3.) As such, the BOP designated that New York state facility for service of the federal sentence, commencing on August 25, 2015, the date the sentence was imposed. (Id. at ¶ 17, Attach. 11 at 2-3, Attach. 13 at 2-3, Attach. 14, Attach. 15 at 3.) Petitioner's federal sentence, under no circumstances, could commence any earlier than it was imposed. See PS 5880.28 and 18 U.S.C. § 3585(a). Petitioner's sentence commenced at the earliest possible time, August 25, 2015, the date it was imposed.

The possibility for prior custody credit for sentences is set forth in 18 U.S.C. § 3585(b) and PS 5880.20. Section 3585(b) provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

(Doc. 10-1, Ex.1. ¶ 19, Attach 13 at 3, Attach. 15 at 3-4.) PS 5880.28 also provides, in pertinent part, that:

> Time spent in custody under a writ of habeas corpus from non-federal

6

> custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for "writ" custody is not the federal charge. The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody.

(Id. at ¶ 19, Attach. 13 at 6.)

The state records in the instant case reveal that the time periods of April 11, 2013 through July 30, 2013, and April 7, 2015 through September 11, 2015, were spent in service by Petitioner of the previously imposed 4-year and the 4-year to life state custody sentences. (Ex. 1 ¶¶ 20-21, Attach. 12 at 2-3.) Credit for these dates was applied to Petitioner's state sentences and therefore any credit for April 11, 2013 through July 30, 2013, and April 7, 2015 through August 24, 2015 (the day before the federal sentence of Petitioner commenced), could not be applied by the BOP to his federal sentence as prior custody credit. Petitioner was given credit for the time spent in custody on February 2, 2014, and from March 27, 2014 through April 6, 2015. (Id. at ¶ 22, Attach. 15 at 4.) Petitioner's current projected release date is July 16, 2017 pursuant to 18 U.S.C. § 3621(e) assuming he successfully completes the Residential Drug Abuse Program. (Id.)

**II.   Discussion**

Petitioner argues that his federal sentence has been improperly computed. Specifically, he claims that he is entitled to more pre-sentence credit than he has

7

received.  The court rejects Petitioner's arguments for the following reasons.

First, any prior custody credit sought by Petitioner that has already been credited against his state sentences cannot be again credited to his federal sentence. Double credit for time served is not permitted.

It is well established that in determining the computation of a federal sentence it must be determined (1) when the federal sentence commenced and (2) if the defendant is entitled to any credit against the federal sentence for time spent in custody prior to that sentence.  Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996), aff'd, 100 F.3d 946 (3d Cir. 1996).  For offenses committed on or after November 1, 1987, as is clearly the case here, the commencement of a federal sentence is governed by 18 U.S.C. § 3585(a), and prior custody credit is governed by § 3585(b).[4]

There is no question that Petitioner's federal sentence commenced on August 25, 2015, the date on which he came into the custody of federal authorities to begin serving his federal sentence.  This is the date the sentence was imposed and could not have started any earlier than the date it was imposed.  See Rashid v. Quintana, 372 F. App'x 260, 262 (3d Cir. 2010).  Petitioner does not seem to dispute this.  It has also

---

[4] The BOP has been delegated the authority from the Attorney General to make sentencing credit determinations.  See United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Ifeoluwa, 238 F. App'x 895, 900 (3d Cir. 2007).  The Attorney General received the power initially from Congress via the enactment of 18 U.S.C. § 3585.

been verified throughout the Administrative Remedy procedure utilized by Petitioner. (Doc. 1-1 at 28-32.)

The court next examines the issue of any prior custody credit that may be due to Petitioner. This is where Petitioner appears to base his claim that his sentence has been improperly computed. He argues that he is due more credit than that which he has received. Again - prior custody credit is determined pursuant to § 3585(b), and is only awarded in the situations provided therein <u>and where credit has not been credited against another sentence.</u> (Emphasis added.)

There is no doubt that Petitioner received prior custody credit toward his federal sentence for February 2, 2014, and for the period of time from March 27, 2014 through April 6, 2015. Although Petitioner filed an Administrative Remedy claiming he did not get the credit initially for the March 27, 2014 through April 6, 2015 period, his appeal with respect to credit for this period has been granted, and the matter has been corrected. (Doc. 1-1 at 30-31; Doc. 10, Ex. 1 ¶¶ 20, 21, Attach. 12-2-3, Attach. 15 at 4.)

While Petitioner may feel that he is entitled to credit for the time he was in federal custody pursuant to a writ, he is mistaken. In his rebuttal brief, Petitioner states that he was in the physical custody of the federal government from June 3, 2014 through the present time. He claims that he was not physically returned to the

9

state of New York since 2014. (Doc. 11 at 10-11.) Based on the foregoing, he seeks credit to his federal sentence beginning in March of 2014. This cannot be in light of the fact that it is impossible for the federal sentence to begin prior to the time it is imposed. Moreover, Petitioner was merely borrowed by the federal government when he was on the writ, and remained in the custody of New York at all times.[5]

Petitioner's case was also reviewed under Willis v. U.S., 438 F.2d 923 (5th Cir. 1971) and Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) to see if any additional time should be credited to his federal sentence. These types of credit are explained in the Administrative Remedy response issued at the final level of appeal, and both were found to be inapplicable to the instant situation. (Doc. 1-1 at 30.) Because Petitioner does not argue that he is entitled to Willis or Kayfez credit, these cases will not be addressed herein.

Suffice it to say that Petitioner's federal sentence was properly calculated. He was given all of the credit to which he was entitled. The prior custody credit he seeks was either credited to Petitioner's state parole violations, and is therefore prohibited from being again applied toward service of his federal sentence, or he seeks credit for time to which he is not entitled. An appropriate order follows.

---

[5] Petitioner also states that Respondent does not offer any support that his parole was revoked on May 14, 2013. Not only does Respondent submit this in the declaration of Marcus Boudreaux at paragraph 6, but Respondent also submits the DOC and Community Supervisor Inmate Information Sheet that reveals that Plaintiff was received back into the DOC on May 14, 2013 and re-paroled on July 30, 2013. (Ex. 1, Attach. 4 at 2.) Respondent also cites to, but does not attach for reasons previously stated, the pre-sentence report at page 12.